In the Matter of the Estate of THOMAS O. TAYLOR, Deceased.

Surrogate's Court, Madison County, November 6, 1924.

**Wills — construction — devise and bequest of residue of real and personal estate to beneficiary " for his services and agreements made between us "— legacy not void by reason of words " for his services and agreements made between us "— legacy valid in absence of evidence that it was conditioned on fulfillment of " agreements."**

A valid disposition of the testator's entire residuary estate is made by a clause in his will which devises and bequeaths the residue of the real and personal

property to the beneficiary " for his services and agreements made between us," in the absence of proof that there was any stipulation that the legacy was conditioned on the fulfillment of the " agreements."

PROCEEDING for construction of will.

*J. A. Johnson,* for the executor.

*Coley & Kiley,* for the petitioner.

SENN, S. This is a proceeding brought by Dr. William O. Taylor, in behalf of himself and others, for a judicial construction of the disposing clause of the will of Thomas O. Taylor, deceased.

The clause in question is as follows: "After all my lawful debts are paid I will and bequeath all my real and personal property to William J. Holbert, Morrisville Station, N. Y. for his services and agreements made between us."

The contesting petitioner claims that the words " for his services and agreements made between us," render the legacy void in that they do not express the entire will and leave the door open so that either by subsequent agreements between the testator and Holbert, or by the independent acts of the testator, the legacy could be changed or revoked in whole or in part without complying with the statutory requirements, without which no alteration or revocation can be made effective. Decedent Estate Law, § 34.

I have carefully examined the cases cited by the attorneys for the contesting petitioner, especially *Matter of Robert,* 4 Dem. 185, where the testator provided for the division of his residuary estate in designated proportions among five legatees and for the deduction from any share of " all moneys or indebtedness which shall appear upon any inventory or ledger or books of account kept by me or under my direction, charged or due to me from any or either of my said children * * * during my lifetime, and as an outstanding or unsettled account at the time of my decease."

The court said (p. 190): " There was thought to be some ground for insisting that the testator had undertaken therein to give full and absolute testamentary efficacy to such inventories, accounts and entries, as, not being in existence at the date of his will, he might thereafter cause to be prepared in his lifetime. It was, of course, conceded on all hands that, if the provision in question involved of necessity this unwarrantable assumption of authority, it was utterly invalid. To sanction such an exercise of testamentary power, would be in effect to permit a testator to revoke or alter at pleasure his formally executed will, in utter disregard of those statutory requirements without which no revocation or alteration can be made effective. * * * I adhere to the opinion * * * that the

power of incorporating the contents of extraneous papers by suitable words of reference in the will itself is undoubted, and that it is subject only to these limitations: The paper sought to be incorporated must be shown to have been actually in existence at the time the will was executed, and to be the selfsame paper which the testator by his words of reference designed to indicate. Within these restrictions it is possible, I take it, for a testator, at the time of executing his will, to give precisely the same effect to the provisions of an extraneous paper, itself unattested, as he is able to give to the provisions of the will itself."

The authorities on the question are rather meager. Accepting the opinion excerpted from as sound and authoritative, there is nothing on the face of the will of Thomas O. Taylor to bring it within the condemnation of the rule. Taking the words "for his services and agreements made between us" in their ordinary sense, they are only explanatory of testator's reason for making Mr. Holbert his beneficiary. It does not appear whether the agreements referred to were executed or executory and if they (the agreements) were actually in existence at the time when the will was made, it is immaterial to the question of the validity of the disposition whether the words referred to something that had been done or to something that was to be done, either during the lifetime of the testator or after his decease, unless there was a condition such as hereinafter mentioned.

I must, therefore, hold that the legacy in question is, on its face, a valid disposition of the testator's entire residuary estate.

However, there is a possible latent ambiguity in the reference to "agreements" which in my opinion justified the institution of this proceeding and may justify an inquiry, either now or on the final judicial settlement, as to what the agreements were and whether there was any stipulation that the legacy was conditioned on their fulfillment. Unless it shall be made to appear by competent evidence that there was such a condition, I hold that the legacy is valid, legal and of full effect.

The decree may provide accordingly.